IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA



FILED
JUL - 9 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

BRUCE WAYNE DRAPER, )
)
Plaintiff, )
)
vs. ) No. CIV-13-681-W
)
JOHN WHETSEL (SHERIFF: OKLA. )
COUNTY), )
)
Defendant. )

## ORDER

Plaintiff Bruce Wayne Draper, proceeding pro se, filed this action on July 2, 2013, against defendant John Whetsel, Sheriff of Oklahoma County, Oklahoma. The body of his complaint, which is entitled "Request for 'Restraining Order'; T.R.O.," reads:

> I. David Pra[t]er[1] and John Whetsel seeking repr[i]sal for CIV-10-335-W[2] carried out "Armed-Stalker" programs, hanging out near my house with guns in old police cars.
>
> II. The D.A. makes the excuse: white-men must be seen in charge, why do people of color need to see white-men in old cruisers.
>
> III. These are the same persons (Sheriff's Dept.) declared a terrorist group in CIV-03-617-HE.[3]

---

[1]Prater (misidentified in the complaint as "David Prader") is named only in the body of the complaint; he is not identified as a defendant in the caption or on the civil cover sheet. See Docs. 1, 1-1.

[2]In Draper v. Bauman, No. CIV-10-335-W, plaintiff Jamar J. Draper ("J Draper"), who was confined in the Logan County Jail, brought suit under title 42, section 1983 of the United States Code against Jim Bauman as Sheriff of Logan County. J Draper's claims related to both criminal charges then pending against him in the District Court of Logan County, Oklahoma, including burglary in the first degree, robbery with a firearm, rape in the first degree, forcible sodomy and kidnapping, and a case filed under title 28, section 2254 of the United States Code in this judicial district. See Draper v. Bauman, No. CIV-09-659-R (W.D. Okla.).

[3]In Draper v. Whetsel, No. CIV-03-617-HE, petitioner Bruce Wayne Draper, who was then awaiting trial in the District Court for Oklahoma County, Oklahoma, on a charge of assault with a

IV. If the D.A. (David Pra[t]er) tried to deputize jailors; is it still night crawling, if the jailors hurt (kidnap) someone?

Doc. 1. Draper did not include a prayer for money damages in his complaint or in the civil cover sheet attached thereto. See Doc. 1-1.

Draper also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. See Doc. 2. On July 3, 2013, United States Magistrate Judge Suzanne Mitchell granted the application, after finding that Draper was financially unable to prepay the fees or costs associated with this proceeding. She ordered that Draper be permitted to proceed in this matter without prepayment of any costs or fees. See Doc. 3.

The Court must review the complaint of any pro se litigant who has been granted leave to proceed without prepayment of costs or fees, and in doing so, the Court is obligated to determine whether the complaint is legally frivolous, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune and cannot be sued for money damages. E.g., 28 U.S.C. § 1915(e)(2)(B). In making its determination, the Court is guided by Rule 8, F.R.Civ.P., and Rule 12(b)(6), F.R.Civ.P.

Rule 8(a)(2), supra, requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] Compliance with this rule is necessary "'to give opposing parties fair notice of the basis of the claim against them so

---

deadly weapon, sought relief under title 28, section 2241 of the United States Code. The case was dismissed without prejudice.

[4]"[U]nder the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2)[, F.R.Civ.P.,] . . . generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." Skinner v. Switzer, 131 S. Ct. 1289, 1296 (2011)(citation omitted).

2

that they may respond to the complaint, and to apprise the [C]ourt of sufficient allegations to allow it to conclude, if the allegations are true, that the claimant has a legal right to relief.'" Monument Builders of Greater Kansas City, Inc. v. American Cemetery Association of Kansas, 891 F.2d 1473, 1480 (10th Cir. 1989)(quoting Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1371 (10th Cir.1979)).

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court set forth the standards that govern Rule 12(b)(6), supra. The Supreme Court held that to withstand dismissal, a complaint need not contain "heightened fact pleading of specifics," 550 U.S. at 570, or "detailed factual allegations," id. at 555 (citations omitted), but must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The United States Court of Appeals for the Tenth Circuit has stated that Twombly imposes a "burden . . . on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he . . . is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Twombly, 550 U.S. at 556). "The allegations [in the complaint] must be enough that, if assumed to be true, . . . [Draper] plausibly (not just speculatively) has a claim for relief." Id. (footnote omitted).

The Court's task at this stage is to determine whether "there are well-pleaded factual allegations," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), in the plaintiff's pleading, and if so, the "[C]ourt should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to

3

> a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. at 678 (citations omitted).

A complaint "'must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008)(quotation and further citation omitted). While "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context," Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1215 (10th Cir. 2011)(citations omitted), neither "'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory allegations, . . . suffice." Id. (citation omitted). "[T]he Twombly/Iqbal standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face," Khalik v. United Airlines, 671 F.3d 1188, 1193 (10th Cir. 2012), and "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citations omitted).

In reviewing a complaint, the Court is mindful that "[a] pro se litigant's pleadings[, such as the instant complaint,] are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(citations omitted). The Court, however, must not "assume the role of advocate for the pro se litigant," id., and it cannot "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id. Even in

4

those situations that involve pro se pleadings, "conclusory allegations without supporting factual averments are insufficient to state a claim," id. (citations omitted), under Rule 12(b)(6).

Upon review, the Court finds that Draper has failed to state a facially plausible claim warranting the extraordinary relief he has requested.[5]  A party seeking a temporary restraining order must show that there is a substantial likelihood he will eventually prevail on the merits of his claim, that he will suffer irreparable injury unless the restraining order issues, that the threatened injury to him outweighs whatever damage the proposed restraining order may cause the defendant and that the temporary restraining order, if issued, would not be adverse to the public interest.  In so doing, Draper must demonstrate, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order.  Draper must also show in his complaint "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

The Tenth Circuit has stated that under Twombly and Iqbal, courts "are especially critical of complaints that do not articulate specific times, places, or persons involved in the alleged misconduct because such complaints give 'defendant[s] seeking to respond to plaintiffs' conclusory allegations . . . little idea where to begin.'" Bridges v. Lane, 351 Fed. Appx. 284, 286 (10th Cir. 2009)(quoting Robbins, 519 F.3d at 1248)(cited pursuant to Tenth Cir. R. 32.1).  Although Draper indicated "other civil rights" on the civil cover sheet as the

---

[5]A temporary restraining order is an extraordinary and drastic remedy, and the right to relief must be clear and unequivocal.

nature of his lawsuit, see Doc. 1-1,[6] he has failed to identify Whetsel's alleged misconduct other than to complain that Whetsel (together with Prater) has implemented an "Armed Stalker" program and has been "hanging out near . . . [Draper's] house with guns in old police cars," Doc. 1, in retaliation for a lawsuit filed by Jamar J. Draper. See Doc. 1 ("David Pra[t]er and John Whetsel seeking repr[i]sal for CIV-10-335-W carried out 'Armed-Stalker' programs, hanging out near my house with guns in old police cars.").[7]

In applying Rule 8 and Rule 12(b)(6), the Court finds that Draper, despite his obligation to do so under Twombly and Iqbal, not only has failed to set forth any factual basis for his request for a temporary restraining order, but also has failed to set forth sufficient allegations that, if assumed to be true, he "plausibly (not just speculatively) has a claim for relief." Robbins, 519 F.3d at 1247 (footnote omitted); e.g., Twombly, 550 U.S. at 555 (plaintiff is obligated to provide "'grounds' of his 'entitle[ment] to relief'").

While the Court must liberally construe pro se pleadings, it cannot rewrite an otherwise deficient pleading. Accordingly, the Court

(1) FINDS that Draper's complaint should be and is hereby DISMISSED without prejudice; but

(2) further FINDS, because amendment may cure the deficiencies found by the Court, that Draper should be and is hereby GRANTED the opportunity to amend his complaint in accordance with Twombly and Iqbal "to frame a 'complaint with enough factual

---

[6]"If the [plaintiff's] statement [in his complaint] is sufficient to give the [defendant fair] notice [of the plaintiff's claim and the grounds upon which it rests] . . . , Rule 8(a)(2) is satisfied and '[i]t is not necessary to plead under what particular law the recovery is sought.'" Turck v. Baker Petrolite Corp., 10 Fed. Appx. 756, 762 (10th Cir. 2001)(quotation and further citations omitted).

[7]See n.2 supra.

6

matter (taken as true) to suggest' that he . . . is entitled to relief," Robbins, 519 F.3d at 1247 (quoting Twombly, 550 U.S. at 556), against Whetsel;

(3) DIRECTS Draper, if he intends to pursue this lawsuit, to briefly state in his amended complaint each claim that he intends to pursue, what the defendant did and how that defendant's conduct has injured or harmed him;

(4) further DIRECTS Draper to file his amended complaint on or before July 26, 2013;

(5) ADVISES Draper that his failure to amend his complaint in accordance with this Order may result in dismissal of this matter with prejudice and prevent him from continuing to litigate the instant lawsuit; and

(6) DIRECTS the Clerk of the Court to mail a copy of this Order to Draper at the address listed on his complaint.

ENTERED this _9th_ day of July, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE